PETER H. DESWOOD, JR.

Appellant

vs.

THE NAVAJO BOARD OF ELECTION SUPERVISORS

Appellee

Decided on November 9, 1978

Michael C. Nelson, Window Rock, Arizona, for Appellant

Lawrence Ruzow, Vlassis, Ruzow & Crowder, Phoenix, Arizona, for Appellee

Before NESWOOD, Acting Chief Justice, BECENTI and WILSON, Associate Justices

PER CURIAM

I

On August 26, 1978, the Appellant was notified by the Navajo Board of Election Supervisors that the Board was considering disqualifying him from running for the Navajo Tribal Council. The reason the Board gave was that they had received information that the Appellant was not thirty years of age.

Mr. Deswood requested a hearing on September 1, 1978 and that hearing was held on September 19, 1978. An opinion, dated the same day as the hearing, was issued bearing only the signature of Raymond Lancer and without noting the votes of the other members of the Board. The opinion issued claimed jurisdiction pursuant to 11 NTC

-306-

51 and 11 NTC 52 (1969 edition) as well as the Rules and Regulations of the Board.

Appellant filed this appeal on October 10, 1978. Because of the limited time available before the election and by agreement of the parties, this matter was considered only on the briefs submitted.

II

The issues before this Court are:

1.  Did the Board of Election Supervisors possess the authority to disqualify a candidate?

2.  Assuming that the Board does possess this authority, was its decision to disqualify Peter H. Deswood, Jr. correct?

III

In this case of Benally vs. Lancer, et al., decided on October 12, 1978 with a written opinion being issued this same date, this Court clearly stated that the Board of Election Supervisors does not possess the authority to disqualify any candidate. The reason this Court reached that conclusion is stated in Section III of that opinion and need not be restated here. This Court believes that the reasoning contained in that opinion is still valid.

However, on November 3, 1978, the Supreme Judicial Council of the Navajo Tribal Council issued an order vacating this Court's order of October 12, 1978 in the Benally case and disqualifying

Mr. Benally from running for the Tribal Council.

No reasons what-so-ever were stated in the Order of November 3, 1978, and it is therefore not clear that the Supreme Judicial Council found that the Board possessed disqualification powers or that 11 NTC 51 and 11 NTC 52 were proper bases of jurisdiction.

This Court must attempt to decide what the Supreme Judicial Council meant. In order to reach its decision, we believe the Supreme Judicial Council decided that the Board of Election Supervisors had the power to disqualify candidates.

As this Court will abide by the decisions of the Supreme Judicial Council where it is possible to understand them, the first issue is decided in favor of the Appellee.

IV

The next issue for this Court, whether the Board reached a correct decision to disqualify the Appellant, raises different questions than those of the Benally case.

7 NTC 204(a) (1977 edition) requires the Courts of the Navajo Nation to apply federal law, where applicable. Thus, this Court is required to apply the law and standards of the 1968 Indian Civil Rights, 25 U.S.C. 1302. This was exactly what was stated by the United States Supreme Court in Santa Clara Pueblo v. Martinez,

_____ U.S. _____, 56 L.Ed.2d 106:

> "Tribal forums are available to vindicate rights
> created by the ICRA and § 1302 has the sub-
> stantial and intended effect of changing the
> law which these forums are obliged to apply."
>
> 56 L.Ed.2d at 119.

25 U.S.C. 1302, subsection 8 requires tht no Indian government shall deprive a person of due process or equal protection of the law.

In considering whether Mr. Deswood has been denied equal protection of the law, this Court has examined the past actions of the Board of Election Supervisors as was raised in Appellant's brief. The Board has apparently never attempted to disqualify candidates in the past - a fact Appellee concedes. In this election, at most, only four candidates out of one hundred and sixty-one had their qualifications examined.

In the case of Yick Wo. v. Hopkins, 118 U.S. 356, 30 L.Ed 220 (1886), the United States Supreme Court stated:

> "Though the law itself be fair on its face and
> impartial in appearance, yet if it is applied
> and administered by public authority with an

evil eye and an unequal hand, so as
practically to make unjust and illegal
discriminations between persons in sim-
ilar circumstances, material to their
rights, the denial of equal justice is
still within the prohibition of the Con-
stitution."

30 L.Ed. at 227

It is violative of the guarantees of due process and equal
protection to enforce a law in a discriminatory fashion. This is exactly
what the Board of Election Supervisors has done in this case.

In the case of United States v. Kennebec Log Driving Co.,
530 F.2d 446 (1st Cir., 1976), wherein Kennebec challenged a statute
of the United States claiming that the act would allow capricious appli-
cation, the Court stated:

"Were this to happen, judicially cognizable de-
fenses exist to deal with such uses of prohibi-
tive powers. Discriminatory and selective en-
forcement would be vulnerable to legal chal-
lenge."
Citing Yick Wo.

530 F.2d at 449

This Court feels that the Board of Election Supervisors has selectively applied its powers to decide candidates' qualifications. Had the Board checked all the candidates' qualifications or even a substantial number of the cnadidates' qualification, this would not be the case.

To protect a party from this selective application of the law, as stated in United States v. Kennebec, a person can challenge the enforcement in court.

The selective application of the power to disqualify candidates in the Navajo election requires this Court to void any use of the power by the Board of Election Supervisors. To reach any other result would be to take all meaning from the 1968 Indian Civil Rights Act.

V.

The opinion of the Board of Election Supervisors, issued the 19th of September, 1978 disqualifying Peter H. Deswood, Jr., from running for Navajo Tribal Councilman from Lukachukai is REVERSED.

The Board of Election Supervisors is ordered to place Mr. Deswood on the Lukachukai ballot for Navajo Tribal Councilman.

The Stay of Execution, issued the 26th day of October, 1978 is VACATED.